■ In the Matter of the Arbitration between WILLIAM J. BURNS INTERNATIONAL DETECTIVE AGENCY, INC., Respondent, and ENRIQUE NAVARRO, as President of Local 2, International Union of Police & Protection Employees — Independent Watchmen's Association, et al., Appellants.— Order, entered August 1, 1966, staying arbitration affirmed, with $30 costs and disbursements to the respondent. We do not affirm on the ground that the notice of arbitration is defective though admittedly it is, but rather on the ground that what is sought to be arbitrated is not arbitrable. The parties agreed on specific wage rates per hour for all jobs covered for the years 1966, 1967 and 1968. By virtue of the minimum wage legislation, certain employees will have to be paid more than the wage rates stipulated in the agreement. While the legislative enactment in effect changes the contract to that extent, arbitrators would have no power to amend the contract by making further changes. Concur — McNally, Stevens, Steuer and Bastow, JJ.; Botein, P. J., dissents in the following memorandum: The collective bargaining agreement between appellant union and respondent employer containing the arbitration clause involved in this appeal stated that the agreement was to be effective as of February 11, 1966. The provision fixing wages of employees on the payroll immediately preceding the February 11, 1966 effective date sets forth in one column the "base, straight time wage rates" which were in effect on February 10, 1966, and in three adjoining columns the

rates agreed to be in effect on February 11, 1966, February 11, 1967 and February 11, 1968. The rate set forth in each column of the latter three represented an increase over the rate set forth in the column immediately antedating it. Thus the lowest rate in the February 10, 1966 column, $1.25, became $1.35 in the February 11, 1966 column, $1.40 in the February 11, 1967 column, and $1.45 in the February 11, 1968 column. It is to be observed that these figures reflect an initial increase of 10 cents, and two additional increases thereafter, each of 5 cents. The same pattern of increase in three steps of 10 cents, 5 cents and 5 cents was applied to the numerous other rates set forth in the February 10, 1966 column. The controversy between the parties developed from the enactment on June 21, 1966 of chapter 649 of the Laws of 1966, which among other things increases the statutory minimum wage to $1.50 on and after January 1, 1967. Some of the rates in the February 11, 1966 column are lower than $1.50. On January 1, 1967, they will become $1.50 by virtue of the statute. Appellant contends that on February 11, 1967 they should properly become $1.55. The reasoning is that the intent of the agreement is to give each employee, beginning with February 11, 1967, 5 cents more than the amount he was receiving immediately preceding that date; that as a result of the statute each employee receiving less than $1.50 on January 1, 1967 will be receiving $1.50 immediately preceding February 11, 1967; and accordingly that each such employee will be entitled to an additional 5 cents beginning with February 11, 1967. The broad arbitration clause covers any dispute or claim arising out of or relating to the interpretation or application of any provision of the agreement. Appellant's contention therefore raises an arbitrable issue. Whether or not the contention is tenable is beyond our province to inquire (CPLR 7501). The wording of the demand for arbitration, however, placed on the issue, as appellant itself concedes, a "somewhat unfortunate label." It seems that during the bargaining which ultimately resulted in the execution of the agreement, respondent's counsel prepared and sent to appellant's counsel a memorandum outlining "the major points of settlement." This memorandum recited among other things that "All full time and part time guard employees on the payroll of the Agency during the week immediately preceding February 11, 1966 shall receive an increase of Ten (10¢) cents per hour, effective February 11, 1966, to their regular straight time basic wage rate and * * * shall receive an additional increase of Five (5¢) cents per hour on February 11, 1967 and Five (5¢) cents per hour on February 1, 1968 to their regular straight time basic wage rate." The demand for arbitration stated as the matter to be arbitrated that the quoted language had been left out of the agreement and should be included therein. One infers that appellant believed that the inclusion would somehow strengthen its above-described contention regarding the impact of the minimum wage legislation. However this may be, the consequence of the phrasing of the demand has been a stay of arbitration, on the theory that appellant is seeking by arbitration to add a new provision to the agreement rather than to resolve a claim arising out of a disputed interpretation or application of an existing provision. To my mind, once appellant's fundamental contention is understood and is seen to raise an arbitrable issue, the attempt to include the memorandum in the agreement should be viewed as merely a means of bringing before the arbitrator evidence in support of the contention. It is not disputed by respondent that were the above-quoted provisions of the memorandum actually incorporated in the ultimate agreement, appellant would be entitled to the relief it seeks. As I have no doubt that respondent has not been misled by the maladroit wording of the demand for arbitration but is well aware of the fundamental issue which the arbitrator would have to decide, I would be inclined to let the arbitration proceed.

But if that is not done, surely we should grant leave to serve a new demand with language more appropriate to appellant's contention than the present language. If, as I believe, there is an arbitrable issue, appellant should not be permanently barred from arbitrating it merely because it was ineptly expressed.